# 14-1468-cv

## United States Court of Appeals

*for the*

## Second Circuit

JOANNE SMITH, DONALD SMITH, EDWARD LILLY,

*Plaintiffs-Appellants,*

— v. —

BEN CAMPBELL, New York State Trooper,

*Defendant-Appellee,*

NEW YORK STATE POLICE, DIVISION OF STATE POLICE,

*Defendant.*

———————————————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

## BRIEF FOR DEFENDANT-APPELLEE

JAECKLE FLEISCHMANN & MUGEL, LLP
*Attorneys for Defendant-Appellee*
200 Delaware Avenue
Avant Building, Suite 900
Buffalo, New York 14202
(716) 856-0600

# TABLE OF CONTENTS

**Page**

TABLE OF CASES AND AUTHORITIES .......................................................... iii

COUNTERSTATEMENT OF JURISDICTION ..................................................... 1

ISSUES PRESENTED FOR REVIEW ................................................................ 2

STATEMENT OF THE CASE ............................................................................. 3

STATEMENT OF THE FACTS .......................................................................... 4

STANDARD OF REVIEW ............................................................................... 10

SUMMARY OF THE ARGUMENT ................................................................. 11

ARGUMENT ................................................................................................... 14

    I.    THE DISRICT COURT PROPERLY DIMISSED
        PLAINTIFF SMITH'S FIRST AMENDMENT
        RETALIATION CLAIM AS TIME BARRED AS A
        MATTER OF LAW ................................................................................ 14

        A.    Plaintiff Smith's First Amendment Claim is One
              For Retaliation and Not Retaliatory Prosecution ..................... 14

        B.    Plaintiff Smith's First Amendment Retaliation
              Claim is Time Barred as a Matter of Law ............................... 16

    II.    EVEN IF ANALYZED AS A CLAIM FOR
        MALICIOUS OR RETALIATORY PROSECUTION,
        PLAINTIFF SMITH'S FIRST AMENDMENT CLAIM
        FAILS AS A MATTER OF LAW .......................................................... 26

        A.    Under New York Law Traffic Violations are Not
              Crimes ..................................................................................... 26

        B.    The Proceedings Did Not Terminate in Plaintiff
              Smith's Favor ......................................................................... 30

C. There Was Probable Cause for the Issuance of the Tickets ................................................................31

 1. Failure to Yield the Right of Way at a Stop Sign Pursuant to VTL § 1142(A). ...............................31

 2. Failing to Obey a Red Light Pursuant to VTL § 1111(d)(1) ...........................................................33

 3. Failure to Maintain Unobstructed View Pursuant to VTL § 375(30)..............................................35

III. HAVING FAILED TO OBJECT TO THE RECOMMENDED DISMISSAL OF HIS FIRST AMENDMENT CLAIM FOR PEACEABLE ASSEMBLY, PLAINTIFF LILLY HAS WAIVED THAT CLAIM AS A MATTER OF LAW.........................................36

IV. PLAINTIFF LILLY VOLUNTARILY WAIVED HIS CLAIM FOR ALLEGED CONSTRUCTIVE SEIZURE IN VIOLATION OF THE FOURTH AMENDMENT.......................39

CONCLUSION ....................................................................41

# TABLE OF CASES AND AUTHORITIES

**Page**

## Cases

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009) .........................................14

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007).................14

*Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*,
   403 U.S. 388 (1971)...........................................................................................5, 8

*Burnette v. Carothers*, 192 F.3d 52 (2d Cir. 1999), *cert. denied*, 531
   U.S. 1052, 121 S. Ct. 657 (2000)...........................................................................14

*Burroughs v. Dorn*, 2013 U.S. Dist. LEXIS 102219 (E.D.N.Y. July
   22, 2013) .............................................................................................................. 29, 30

*Chardon v. Fernandez*, 454 U.S. 6, 102 S. Ct. 28 (1981), *rehearing
   denied*, 454 U.S. 1166, 102 S. Ct. 1043 (1982)...................................... 17, 21, 22

*Cortec Industries, Inc. v. Sum Holding L.P.*, 949 F.2d 42 (2d Cir.
   1991), *cert. denied*, 503 U.S. 960, 112 S. Ct. 1561 (1992) .................................33

*Dorsett v. County of Nassau*, 732 F.3d 157 (2d Cir. 2013) ....................................14

*Elewski v. City of Syracuse*, 123, F.3d 51 (2d Cir. 1997), *cert. denied*,
   523 U.S. 1004, 118 S. Ct. 1186 (1998).................................................................23

*Frink America, Inc. v. Champion Road Machinery Ltd*., 48 F. Supp.
   2d 198 (N.D.N.Y. 1999) ......................................................................................37

*Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364 (1994)........................ 19, 20, 32

*In re Nortel Networks Corp. Securities Litigation*, 539 F.3d 129 (2d
   Cir. 2008) .............................................................................................................23

*Lipton v. County of Orange*, 315 F. Supp. 2d 434 (S.D.N.Y. 2004) ......................37

*LoSacco v. City of Middletown,* 71 F.3d 88 (2d Cir. 1995)....................................40

*Mack v. United States of America*, 814 F.2d 120 (2d Cir. 1987) ...........................32

*Mario v. P&C Food Markets, Inc.*, 313 F.3d 758 (2d Cir. 2002)............................38

*Mitchell v. Keane*, 1994 U.S. Dist. LEXIS 17508 (S.D.N.Y. Dec. 8, 1994) ..............................................................................................17

*Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96 (2d Cir. 2005) .........................33

*Owens v. Okure*, 488 U.S. 235, 109 S. Ct. 573 (1989)............................................16

*Patterson v. Coughlin*, 761 F.2d 886 (2d Cir. 1985) ...............................................17

*Pearl v. City of Long Beach*, 296 F.3d 76 (2d Cir. 2002), *cert. denied*, 538 U.S. 922, 123 S. Ct. 1574 (2003)...................................................17

*People v. Abrams*, 119 A.D.2d 682, 501 N.Y.S.2d 110 (2d Dept. 1986) ....................................................................................... 27, 29

*People v. Byron,* 17 N.Y.2d 64, 268 N.Y.S.2d 24 (1966) ......................................27

*People v. Phinney*, 22 N.Y.2d 288, 292 N.Y.S.2d 632 (1968)........................ 27, 28

*Rothman v. Gregor*, 220 F.3d 81 (2d Cir. 2000) ......................................................33

*Savino v. City of New York*, 331 F.3d 63 (2d Cir. 2003) ........................................26

*Walker v. Bates*, 22 F.3d 652 (2d Cir. 1994) ...........................................................18

*Wallace v. Kato*, 549 U.S. 384, 127 S. Ct. 1091 (2007)................................... 20, 21

*Wesolek v. Canadair, Ltd.,* 838 F.2d 55 (2d Cir. 1988)...........................................38

## Statutes

18 U.S.C. § 1983 ................................................................................... passim

28 U.S.C. § 1292 ..........................................................................................1

28 U.S.C. § 2107 ..........................................................................................1

42 U.S.C. § 1985 ..........................................................................................4

Federal Rules of Appellate Procedure, Rule 28(a)(8)(A)........................................39

Federal Rules of Civil Procedure 12(b)(6) ................................................. 3, 10, 32

New York Civil Practice Law and Rules, Article 78................................................29

New York Civil Practice Laws and Rules § 214 ....................................................16

New York State Vehicle and Traffic Law § 1111(d)(1)............................. 6, 30, 33

New York State Vehicle and Traffic Law § 1142(A)................................. 6, 30, 31

New York State Vehicle and Traffic Law § 1225-c ................................................29

New York State Vehicle and Traffic Law § 155 ............................................ 26, 28

New York State Vehicle and Traffic Law § 375(3) ...............................................31

New York State Vehicle and Traffic Law § 375(30) ................................. 6, 30, 35

New York State Vehicle and Traffic Law § 375(31) ............................................27

## Other Authorities

Moore's Federal Practice, Civil § 15.17[4].............................................................40

## COUNTERSTATEMENT OF JURISDICTION

(A)  Subject matter jurisdiction is conferred by virtue of the fact that Plaintiffs seek redress, in part, pursuant to 18 U.S.C. § 1983 for alleged claims of violations of their First Amendment rights;

(B)  This Court has appellate jurisdiction pursuant to 28 U.S.C. § 1292 and 28 U.S.C. § 2107;

(C)  On April 2, 2014, Hon. Richard J. Arcara issued an interlocutory order adopting, as modified, Magistrate Judge Foschio's June 27, 2013 Report and Recommendation, wherein the First Amendment claims asserted by Plaintiffs Joanne Smith and Edward Lilly were dismissed, the state law claim for intentional infliction of emotion distress was dismissed, and Plaintiff Lilly's claim for violations of his Fourth Amendment rights was dismissed without prejudice with leave to replead ("Order").  In accordance with the District Court's disposition, the matter was referred to Magistrate Judge Foschio for further proceedings.  A-172.  On April 28, 2014 Plaintiffs filed their Notice of Appeal.  A-174.  On May 21, 2014, Plaintiffs' counsel advised the District Court that Plaintiff Lilly would not seek to replead his Fourth Amendment claim.  SA-89.  Notwithstanding the lack of entry of judgment pursuant to Fed. R. Civ. P. 58, and although the District

Court's Order was not ripe for appeal at the time Plaintiffs filed their Notice of Appeal, this Court may consider the Decision and Order final upon Plaintiff Lilly's voluntary waiver of his right to replead.

(D)     The Order, standing alone, does not dismiss all of Plaintiffs' claims. However, based upon Plaintiffs' subsequent waiver of Plaintiff Lilly's Fourth Amendment claim, this Court may deem the Order as final.

## ISSUES PRESENTED FOR REVIEW

The issues presented for review are as follow:

1.     Did the District Court properly dismiss Plaintiff Smith's claim for First Amendment retaliation by finding that the claim accrued at the time the alleged acts to chill her speech occurred, to wit, the issuance of the subject traffic tickets?

2.     Even if analyzed as one for retaliatory prosecution, is Plaintiff Smith's claim cognizable?

3.     Did Plaintiff Lilly waive his First Amendment claim for alleged violation of his right to peaceable assembly where he failed to object to the Magistrate's Report and Recommendation?

2

4.   Did Plaintiff Lilly abandon his Fourth Amendment claim for alleged
     constructive seizure where he voluntarily waived his right to replead
     and otherwise failed to properly present the claim for review?

## STATEMENT OF THE CASE

Plaintiffs-Appellants appeal from a Decision and Order dismissing their First Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6).  At issue were four causes of action:  (1) Plaintiff Joanne's Smith claim under 42 U.S.C. § 1983 for First Amendment retaliation based upon traffic tickets which were issued allegedly as result of her making a complaint against Defendant Campbell, (2) Plaintiff Lilly's claim asserted directly as a Fourth Amendment violation for an alleged constructive seizure, (3) Plaintiff Lilly's claim for violation of his First Amendment right to peaceable assembly, and (4) a state law claim for intentional infliction of emotional distress.  Defendant Campbell moved to dismiss all four claims.  The Magistrate recommended dismissal of Plaintiff Lilly's First Amendment claim and the state law tort as Plaintiffs offered no opposition to Defendant's motion to dismiss.  However, the Magistrate recommended that Defendant's motion to dismiss be denied as to Plaintiff Smith's claim – finding that the cause of action accrued when the traffic tickets were adjudicated (not issued) – and that Plaintiff Lilly had sufficiently pleaded a cause of action for violation of his Fourth Amendment rights.  Defendant Campbell (and only Defendant Campbell) objected

3

to the Report and Recommendation and arguments were heard before the District Court. In its consequent Decision and Order, the District Court adopted the Magistrate's position with respect to the peaceable assembly claim and the state law tort. However, after a *de novo* review the District Court held that Plaintiff Smith's cause of action accrued when the traffic tickets were issued and dismissed her cause of action based thereon as untimely as a matter of law. With respect to Plaintiff Lilly's Fourth Amendment claim, the District Court held that the Plaintiff could not sustain a bare constitutional claim and dismissed the cause of action with leave to replead. This appeal ensued and Plaintiff Lilly subsequently advised the District Court that he was waiving his right to replead.

## STATEMENT OF THE FACTS

On or about June 24, 2011, Plaintiffs-Appellants Joanne Smith, Donald Smith, and Edward Lilly filed a complaint in the United States District Court for the Western District of New York against Defendants New York State Trooper Ben Campbell and New York State Police, Division of State Police. The complaint alleged five nebulous causes of action for purported deprivation of rights under 42 U.S.C. § 1983, deprivation of rights under 42 U.S.C. § 1985, deprivation of rights under the First Amendment, a state law claim for intentional infliction of emotional distress, and a claim for *respondeat superior* liability asserted against the State. Each Defendant moved to dismiss the complaint.

4

By Order dated September 27, 2011 (A-3, Docket No. 20), the District Court granted Defendant New York State, Division of State Police's motion to dismiss for lack of jurisdiction, with prejudice. In his own motion to dismiss, Defendant Campbell noted many deficiencies with the complaint, both procedural and substantive. By Decision and Order dated October 3, 2012 (A-29 through A-46), the District Court granted Defendant Campbell's motion, dismissing Plaintiffs' First Amendment causes of action (alleged as bare constitutional violations not governed by *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971)) for lack of subject matter jurisdiction, dismissing Plaintiff Joanne Smith's and plaintiff Edward Lilly's claims under 42 U.S.C. § 1983 with leave to amend, and dismissing all claims by Plaintiff Donald Smith with prejudice. A-46.[1] As a result, the only remaining potential Plaintiffs were Joanne Smith and Edward Lilly.

Pursuant to the District Court's Decision and Order, Plaintiffs Smith and Lilly filed their First Amended Complaint on or about November 5, 2012. A-47. In large part, the First Amended Complaint recited the same factual allegations contained in the original complaint, which the Court previously found to be

---

[1] Notably, in opposing Defendant Campbell's motion, Plaintiffs argued that Defendant Campbell interfered with Lilly's "right of peaceable assembly with his in-laws." A-42. However, since no such allegations were contained in the original Complaint, the District Court granted leave to amend. A-42.

deficient. Plaintiffs also, however, recast their claims to assert only three causes of action. The first cause of action was for alleged deprivation of Plaintiffs' First Amendment rights in violation of 42 U.S.C. § 1983. The second cause of action was, again, a bare constitutional claim, to wit, that Defendant Campbell violated Plaintiff Lilly's Fourth Amendment rights. The third, and final, cause of action was a state-law claim for intentional infliction of emotional distress.

In their First Amended Complaint, Plaintiffs predicated their § 1983 cause of action on two alleged constitutional violations. The first was that Defendant Campbell engaged in an alleged act of First Amendment retaliation when he issued three traffic tickets to Plaintiff Smith after she made an administrative complaint about him. A-52. The events giving rise to the tickets actually occurred on November 22, 2007 while Defendant Campbell was off-duty. A-49, ¶ 12; A-50, ¶ 23. On November 26, 2007, Plaintiff Smith and her husband went to the State Police Barracks in Lewiston, New York to lodge a complaint about Defendant Campbell in connection with the encounter four days earlier. A-52, ¶ 46. After filing the complaint, Defendant Campbell issued three traffic tickets to Plaintiff Smith. A-52, ¶ 47. The tickets issued were for violation of New York State Vehicle and Traffic Law ("VTL") § 1142(A) [failure to yield the right of way at a stop sign], § 1111(d)(1) [failure to obey a red light] and § 375(30) [failure to maintain an unobstructed view] – each a traffic violation with no criminal penalties

6

associated therewith.  Plaintiff Smith alleges that the traffic tickets were issued to her in retaliation for having exercised her First Amendment right to complain about Defendant Campbell.

The second alleged First Amendment violation stemmed from an incident at the Smith family home on July 12, 2008.  On July 12, 2008, there was a complaint at a local restaurant involving non-party Tom Smith, Plaintiff Smith's son and Plaintiff Lilly's brother-in-law.  A-55, ¶ 70-72.  Defendant Campbell was one of the officers who responded to the complaint at the restaurant and subsequently went to the Smith family home to speak with Tom Smith.  A-55, ¶ 73-75.  Tom Smith was not home and Defendant Campbell, along with Officer Pinzotti from the local police department, spoke with Plaintiffs Joanne Smith and Don Smith about their son's whereabouts.  A-55, ¶ 75.  While at the Smith home, Plaintiff Lilly, who did not reside there, arrived on the scene, parked in the driveway and began to question and confront the officers.  A-55, ¶ 76.  Both officers requested that Plaintiff Lilly leave, but he refused to do so.  A-56, ¶¶ 77-79.  As alleged in the First Amended Complaint, Defendant Campbell (and the other officer) supposedly prevented Plaintiff Lilly from leaving the premises, even though the officers were requesting that he do just that.  A-56, ¶ 79.  As a result of this interchange, Plaintiff Lilly alleged that his First Amendment right to peaceable assembly had been

7

violated. This July 12, 2008 incident was also the basis for Plaintiff Lilly's bare Fourth Amendment cause of action that he had suffered a constructive seizure.

Defendant Campbell moved to dismiss the First Amended Complaint in its entirety on the following bases. With respect to the Plaintiff Smith's First Amendment claim, the statute of limitations accrued when the tickets were issued (*i.e.,* when the allegedly retaliatory act took place), not when the prosecution of the tickets concluded. As for Plaintiff Lilly's claim of a violation of his First Amendment right to peaceable assembly, Defendant Campbell asserted that the allegations in the First Amended Complaint were not different from those in the original complaint which had been dismissed and, having failed to assert any new facts, Plaintiffs had failed to meet their burden to allege any plausible cause of action for a First Amendment violation. The Fourth Amendment claim for constructive seizure was improper because it was pleaded as a bare constitutional violation not cognizable under *Bivens*. Finally, Defendant Campbell argued that the state law claim, an intentional tort, was barred as a matter of law by the applicable one-year statute of limitations.

Plaintiffs did not offer any opposition to the dismissal of the state law tort claim **or** the claim that Plaintiff Lilly's right to peaceable assembly was violated. A-149; A-158. As a result, the Magistrate found these causes of action to be abandoned and therefore recommended the granting of Defendant Campbell's

8

motion to that extent. A-149, A-158. As to Plaintiff Smith's First Amendment claim and Plaintiff Lilly's Fourth Amendment claim, however, the Magistrate recommended denial of Defendant's motion. A-159. Its rationale was premised upon a characterization of the First Amendment claim as one for retaliatory prosecution, as opposed to retaliation, and construing the Fourth Amendment claim as having been brought under § 1983, even though it had not been so pleaded.

In its Report and Recommendation filed on June 27, 2013, the Court clearly indicated the time by which objections had to be filed and the consequences for failure to do so. A-160. In accordance therewith, Defendant Campbell filed timely objections thereto, asserting that the court erred in failing to recommend that his motion to dismiss be granted in its entirety. A-6, Docket No. 45. At no time, however, did **Plaintiffs** ever file any objections to the Report and Recommendation. On October 4, 2013, the District Court heard oral argument on Defendant's objections to the Report and Recommendation and issued a Decision and Order on April 2, 2014 adopting the Report and Recommendation as therein modified.

In particular, the District Court adopted the Magistrate's recommendation to dismiss the state law tort claim and Plaintiff Lilly's claim for violation of his First Amendment right to peaceable assembly (to which, again, the Plaintiffs had offered no objections). As to Plaintiff Smith's First Amendment claim, the District

9

Court properly analyzed the claim as one for retaliation, rather than retaliatory prosecution, and found that the cause of action accrued when the tickets were issued. Since the tickets were issued on November 26, 2007, but the original complaint was not filed until June 2011, Plaintiff Smith's cause of action was time-barred and dismissed accordingly. A-168. With respect to Plaintiff Lilly's Fourth Amendment claim for constructive seizure, the District Court agreed that the claim was not pleaded properly, so dismissed that cause of action without prejudice and with leave to replead. A-170. Since the Decision and Order thus left open the possibility that Plaintiff Lilly's Fourth Amendment claim could be repleaded, the District Court referred the case back to the Magistrate for further proceedings consistent with the Court's Decision and Order. A-6, Docket No. 50.

Rather than replead, on April 28, 2014 Plaintiffs instead filed their notice of appeal (docketed by the Clerk as "interlocutory"); however, they did not obtain certification pursuant to Fed. R. Civ. P. 54(b). By letter dated May 21, 2014, Plaintiffs' counsel informed the Court that Plaintiffs would not seek to replead Plaintiff's Lilly Fourth Amendment claim. SA-89.

## STANDARD OF REVIEW

In reviewing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the standard of review on appeal is *de novo*.

10

## <u>SUMMARY OF THE ARGUMENT</u>

The state of limitations for a claim under § 1983 is the applicable statute of limitations governing tort cases in the state in which the action is commenced; federal law, however, determines when a cause of action accrues. Plaintiff Smith therefore had three years from accrual in which to bring her § 1983 claim. As properly analyzed by the District Court, Plaintiff Smith's First Amendment claim is one for retaliation which accrued at the time the tickets were issued to her. As cast even by the Plaintiffs, the tickets were issued **solely** because Plaintiff Smith filed a complaint about Defendant Campbell with his supervisors. While Plaintiffs argue that the cause of action did not accrue until the final adjudication on the tickets, such a theory runs counter to First Amendment retaliation authority which states that a claim accrues when the alleged retaliatory act occurred, not when the plaintiff felt the consequences of the act, because nothing which happens after the act can cure the alleged constitutional violation. Any subsequent prosecution of the tickets does not change the fact that, according to Plaintiff Smith, the tickets should not have been issued in the first instance, thereby establishing that the date of accrual is when the tickets were issued.

Even if this Court analyzes Plaintiff Smith's claim as one for retaliatory prosecution, however, the cause of action should still be dismissed as a matter of law. Claims of First Amendment retaliatory prosecution are analyzed under the

11

framework of malicious prosecution. A claim for malicious prosecution requires that the underlying action be criminal, that there was no probable cause, and that any proceedings terminated in the civil plaintiff/criminal defendant's favor. Here, Plaintiff Smith's claim fails for all three reasons. Under New York law, a traffic infraction is not, by statute, a crime; absent any criminal proceedings, a claim for retaliatory prosecution cannot be sustained. Of the three tickets issued to Plaintiff Smith, the conviction for one was upheld on appeal; consequently, it cannot be said that the proceedings terminated in her favor. Finally, Plaintiff Smith did not plead sufficient facts, nor in any of the documents which she attached to the First Amended Complaint is there any evidence, that Defendant Campbell lacked probable cause to issue the tickets.

Plaintiffs also seem to argue, although not in a format which even remotely conforms with Rule 28 of the Federal Rules of Appellate Procedure, that the District Court erred in dismissing Plaintiff Lilly's First Amendment claim for violation of his right to peaceable assembly and his claim for constructive seizure in violation of his Fourth Amendment rights. With respect to the claim for peaceable assembly, Plaintiffs failed to offer any opposition to Defendant Campbell's motion to dismiss the First Amended Complaint on this point and, as a result, the Magistrate properly recommended that this claim be dismissed. Additionally, Plaintiffs failed to object to the Magistrate's Report and

12

Recommendation, thereby abandoning this claim. As a matter of law, the District Court properly adopted the Magistrate's recommendation and dismissed Plaintiff Lilly's First Amendment claim.

As to any Fourth Amendment claim, in the First Amended Complaint Plaintiff Lilly pleaded this as a bare constitutional claim in a non-*Bivens* action. Consequently, the District Court dismissed the claim with leave to replead. Plaintiff Lilly, despite having the opportunity to do so, elected not to replead, thereby voluntarily waiving this claim and otherwise abandoning it on appeal.

As a result of the foregoing, Plaintiff Smith's First Amendment retaliation cause of action was properly dismissed as time-barred. Plaintiff Lilly, having failed to oppose Defendant Campbell's motion to dismiss and filing no objections to the Magistrate's Report and Recommendation, abandoned his First Amendment claim for peaceable assembly. Plaintiff Lilly also abandoned his Fourth Amendment claim where he had the opportunity to replead, but elected no to do so. For all these reasons, the District Court's Decision and Order should be affirmed on appeal and Plaintiff Lilly's Fourth Amendment claim deemed abandoned.

13

# ARGUMENT

## I. THE DISRICT COURT PROPERLY DIMISSED PLAINTIFF SMITH'S FIRST AMENDMENT RETALIATION CLAIM AS TIME BARRED AS A MATTER OF LAW

### A. Plaintiff Smith's First Amendment Claim is One For Retaliation and Not Retaliatory Prosecution

A claim for First Amendment retaliation exists where a defendant caused some injury to the plaintiff in response to her exercise of First Amendment rights. Such a claim requires that the plaintiff "show: (1) [s]he has a right protected by the First Amendment; (2) the defendant's actions were motivated or substantially caused by [her] exercise of that right; and (3) the defendant's actions caused [her] some injury." *Dorsett v. County of Nassau*, 732 F.3d 157, 160 (2d Cir. 2013) (alteration to original). On a motion to dismiss, the court must accept as true the allegations contained in the complaint and draw all reasonable inferences in favor of the non-moving party. *Burnette v. Carothers*, 192 F.3d 52, 56 (2d Cir. 1999), *cert. denied*, 531 U.S. 1052, 121 S. Ct. 657 (2000). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)).

14

In this case, the District Court properly analyzed Plaintiff Smith's claim as one for First Amendment retaliation and not retaliatory prosecution. As alleged in the First Amended Complaint, on November 22, 2007 (Thanksgiving Day), Defendant Campbell was driving his personal vehicle when Plaintiff Smith failed to yield the right of way to him at a stop sign. A-49, 51, ¶¶ 13, 29. Defendant Campbell then followed Plaintiff Smith and questioned her about her driving. A-50 to A52, ¶¶ 22-41. Ultimately, Defendant Campbell left without issuing Plaintiff Smith any traffic tickets. *Id.* ¶ 45. Four days later, on November 26, 207, Plaintiff Smith visited the local New York State Trooper barracks and complained about Defendant Campbell's behavior. *Id.* ¶ 42. Within hours of Plaintiff Smith lodging her complaint, Defendant Campbell issued her three traffic tickets stemming from the incident on November 22, 2007. *Id.* ¶ 47. Initially Plaintiff Smith was found guilty on all three tickets (A-53, ¶ 52); however, two of the tickets were reversed on appeal due to a procedural defect. A-53, ¶ 55.

Based upon the facts as so alleged, the District Court found that Plaintiff Smith had pleaded a claim for First Amendment retaliation based upon the temporal issuance of the tickets **after** she filed her complaint with the New York State police. Indeed, this characterization is not in dispute by Plaintiffs on appeal:

> Plaintiff/Appellant Smith's theory is that
> Defendant/Appellee, Campbell issued and delivered the
> tickets in retaliation for her exercising her First
> Amendment Right to complain about Defendant/
> Appellee, Campbell to his Sergeant (Sgt. Heiser).

*See* Brief for Plaintiffs-Appellants, p. 8. As a result, Plaintiff Smith's claim is

properly considered one for First Amendment retaliation based upon allegedly

adverse action undertaken in response to the exercise of her First Amendment

rights. As discussed in Section II, *infra*, a claim for retaliatory prosecution can be

made only where there is a **criminal** matter brought to adjudication. Such,

however, is not the case here. Accordingly, the District Court could analyze

Plaintiff Smith's claim **only** as one for First Amendment retaliation based upon the

issuance of the tickets in the first instance.

**B.  Plaintiff Smith's First Amendment Retaliation Claim is
Time Barred as a Matter of Law**

It is well established that claims brought under 42 U.S.C. § 1983 are

governed by the personal injury statute of limitations of the state in which the

§ 1983 claim is brought. *Owens v. Okure*, 488 U.S. 235, 250, 109 S. Ct. 573, 606

(1989). As a result, a § 1983 claim in New York must be commenced within three

years from the date on which the cause of action accrued. New York Civil Practice

Laws and Rules ("CPLR") § 214. While the statute of limitations is determined by

state law, when a § 1983 action **accrues** is governed by federal law. *Pearl v. City*

16

*of Long Beach*, 296 F.3d 76, 80 (2d Cir. 2002), *cert. denied*, 538 U.S. 922, 123 S.
Ct. 1574 (2003).

In the First Amendment context, a claim accrues when the retaliatory act
occurs.  As stated by the United States Supreme Court, "the proper focus is on the
time of the **discriminatory act***, not the point at which the **consequences** of the act
become painful." *Chardon v. Fernandez*, 454 U.S. 6, 8, 102 S. Ct. 28, 29 (1981),
*rehearing denied*, 454 U.S. 1166, 102 S. Ct. 1043 (1982) (emphasis in original).
Relying on this Court's precedents, in analogous retaliation cases the District
Courts in New York have consistently held that in a First Amendment retaliation
claim the point of accrual is when the initial retaliatory act occurs.  In *Mitchell v.
Keane*, 1994 U.S. Dist. LEXIS 17508 (S.D.N.Y. Dec. 8, 1994), for example, the
plaintiff commenced an action under § 1983 alleging violations of his First
Amendment rights based upon defendants allegedly having filed false charges
against him (resulting in a disciplinary hearing) **after** plaintiff filed complaints
against the guards.  The court held that the cause of action accrued when the false
complaint was filed "because the filing itself could be expected to engender a
chilling effect on [plaintiff's] speech." *Mitchell* at *39.  In the First Amendment
context it is thus the initial filing or action which establishes the accrual date as
"nothing that the state does subsequently can cut off the § 1983 claim." *Mitchell* at
*39 (citing *Patterson v. Coughlin*, 761 F.2d 886, 893 (2d Cir. 1985), *Walker v.*

17

*Bates*, 22 F.3d 652, 658-659 (2d Cir. 1994)). Simply stated, once the alleged retaliatory act occurs, nothing which happens subsequently can change the wrongful nature of the act itself.

In this case, Plaintiff Smith's First Amendment claim is based upon the allegedly unlawful issuance of traffic tickets on November 26, 2007, stemming from an incident four days earlier. A-167. Plaintiffs acknowledge in their Brief that the gravamen of their claim in this regard is that Defendant Campbell "issued and delivered the tickets in retaliation for [Plaintiff Smith] exercising her First Amendment Right [sic] to complain about Defendant/Appellee, Campbell to his Sergeant (Sgt. Heiser)." *See* Brief for Plaintiffs-Appellants, p. 8. Plaintiffs further admit that the original complaint in this action was filed "on June 24, 2011 approximately three (3) years and seven (7) months after Defendant/Appellee Campbell's alleged retaliatory acts." *Id.* Accordingly, Plaintiff Smith's First Amendment claim accrued on November 26, 2007 and, as of the date of the filing of the complaint, was time-barred as a matter of law by the three-year statute of limitations.

In their brief, Plaintiffs assert that the running of the statute of limitations should have been suspended for two reasons. First, Plaintiffs claim that the traffic tickets, and the subsequent court adjudication of those tickets, are akin to a criminal proceeding such that the holding of *Heck v. Humphrey*, 512 U.S. 477, 114

18

S. Ct. 2364 (1994) should apply so as to delay accrual until the final disposition of the tickets.  Plaintiffs' Brief, p. 8.  In the alternative, Plaintiffs invoke a litany of alleged other retaliatory acts – many for the first time, several which do not involve the litigants, and most of which do not even involve Plaintiff Smith – which occurred **after** the issuance of the traffic tickets.  Plaintiffs' Brief, pp. 10-15.  For the reasons discussed below, neither of these theories serves to toll the statute of limitations or otherwise alter the date of accrual.

Plaintiffs vaguely assert that Plaintiff Smith's First Amendment claim should be treated as one for retaliatory prosecution.  As a result, they ask this Court to adopt the Magistrate's analysis of the case, and argue that the statute of limitations was tolled until the conclusion of the proceedings, relying on *Heck* for that proposition.  However, the facts of *Heck* are not only inapposite here, but subsequent Supreme Court authority restricts *Heck's* holding.  In *Heck*, the United States Supreme Court addressed whether a claim for damages was cognizable under § 1983 for an allegedly unconstitutional conviction or imprisonment, or for other actions the unlawfulness of would render a conviction or sentence invalid.  Although not strictly a claim for malicious prosecution, the Supreme Court analyzed the claim's legal sufficiency under that construct.  In discussing malicious prosecution claims in general, the court reasoned that such claims do not accrue until the final disposition of the action because "[o]ne element that **must** be alleged

and proved in a malicious prosecution action is termination of the prior **criminal** proceeding in favor of the accused." *Heck*, 512 U.S at 484, 114 S. Ct. at 2371 (emphasis added). To hold otherwise could result in inconsistent decisions in the criminal matter and in the parallel civil suit. *Id.* As a result, *Heck* stands for the general proposition that a claim for retaliatory prosecution pursuant to § 1983 does not accrue until the final disposition of the criminal matter in the criminal defendant's favor.

Subsequent to *Heck*, the Supreme Court decided *Wallace v. Kato*, 549 U.S. 384, 127 S. Ct. 1091 (2007). The issue in *Wallace* was when a cause of action accrued under § 1983 based upon a false arrest. The question presented was whether the cause of action accrued at the time of the arrest or at the conclusion of any consequent criminal proceedings. In *Wallace*, the plaintiff argued that *Heck* should apply and that his § 1983 claim did not accrue until some anticipated future conviction was overturned. Significant to this case is that *Wallace* **expressly** limited the *Heck* tolling of the accrual date to cases of malicious prosecution "only when there exists a conviction or sentence that has *not* been … invalidated, that is to say, an **outstanding criminal judgment**. It delays what would otherwise be the accrual date of a tort action until the setting aside **of an extant conviction** which success in that tort action would impugn." *Wallace*, 549 U.S. at 393, 127 S. Ct. at 1097-1098. In *Wallace*, the Supreme Court also recognized that depending on the

20

nature of the claim (there for false arrest), a cause of action for § 1983 could even accrue "before the setting aside of – indeed, even before the existence of – the related criminal conviction." *Wallace* at 394, 127 S. Ct. at 1098. As a result, while a retaliatory prosecution claim may not accrue until the termination of the proceedings (since termination in the criminal defendant's favor is a requisite element), a claim for false arrest accrues at the time the arrestee is in custody, not when the criminal matter ultimately concludes. Like the logic in *Chardon*, the harm occurs at the time of the arrest – the alleged act giving rise to the constitutional violation – not when the proceedings have terminated. So too, here, the harm alleged by Plaintiff occurred at the time the tickets were issued – the analytical equivalent of the *Wallace* false arrest – not when the tickets were later adjudicated.

    In addition to asserting that some deferred accrual concept applies to save Plaintiff Smith's cause of action, Plaintiffs also attempt, for the first time on appeal, to argue that acts *subsequent* to the issuance of the tickets (many of which were not included in the First Amended Complaint and do not involve the litigants, let alone Plaintiff Smith) somehow serve to extend the date of accrual. Specifically, Plaintiffs delineate 21 enumerated paragraphs in their Brief which supposedly highlight the continuation of "retaliatory events." Plaintiffs' Brief, pp. 10-14. Each is addressed below.

Paragraphs 1, 7, 9, and 11 all relate to the prosecution and appeal of Plaintiff Smith's traffic tickets.  As discussed above, the fact that Plaintiff Smith was prosecuted for the tickets neither tolls the statute of limitations nor changes the date of accrual where the allegation is that the tickets were improperly issued in retaliation for the exercise of a First Amendment right.  Again, as stated in *Chardon*, it is irrelevant when Plaintiff felt the **consequence** of the alleged retaliatory act.  It should also be noted that paragraph 1 contains allegations which never appeared in the First Amended Complaint (*see* A-53, ¶ 57) and paragraph 11 contains self-serving, non-factual rhetoric ("Niagara County Judge Matt Murphy realized the injustice") that likewise was not in the First Amended Complaint (*see* A-75).

Paragraphs 2, 3, 4, 5 and 6 all relate to the July 12, 2008 incident at the Smith home which was the basis for Plaintiff Lilly's – not Plaintiff Smith's – claim for violation of his Fourth Amendment rights.  As an initial matter, Plaintiff Lilly has abandoned that claim despite having the right to replead it.  SA-89.  While paragraphs 2, 4 and 5 are essentially what appear in the First Amended Complaint (*see* A-55, ¶¶ 71-72; A-57, ¶¶ 86, 89; A-58, ¶ 93), paragraph 3 is nothing more than a legal conclusion unrelated to Plaintiff Smith and paragraph 6 contains facts that neither pertain to Plaintiff  Smith nor are they contained anywhere in the First Amended Complaint.

22

Paragraph 8, some of which does relate to Plaintiff Smith, is not contained in the First Amended Complaint and otherwise dehors the record.  As such, it (as with any other facts or issues not contained in the record) cannot be considered by this Court.  *See, generally, In re Nortel Networks Corp. Securities Litigation*, 539 F.3d 129, 132 (2d Cir. 2008) (*per curiam*) ("It is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal." (internal quotation marks omitted)); *see also, Elewski v. City of Syracuse*, 123, F.3d 51, 61 fn. 11 (2d Cir. 1997), *cert. denied*, 523 U.S. 1004, 118 S. Ct. 1186 (1998) (refusing to consider facts which were outside the record).

Paragraphs 10, 17, 18, 19, and 21 involve parties other than the litigants and facts as to which no cause of action has been or could be alleged by Plaintiff Smith.  For example, paragraph 10 involves allegations about the interaction between Defendant Campbell and a third-party.  Not only were these allegations not contained in the First Amended Complaint, but they are irrelevant to any cause of action which **the Plaintiffs** may have.  Similarly, paragraphs 17, 18, and 19 involve conversations which Plaintiff Lilly had with third parties and paragraph 17 mentions a Captain Hemsworth who is himself never mentioned in the First Amended Complaint.  *See* A-62, ¶ 128.

Paragraph 12, which claims an alleged interaction between Plaintiff Lilly and Defendant Campbell on July 15, 2009, has nothing to do with Plaintiff Smith or **her** claim for First Amendment retaliation.

Paragraphs 13, 14, 15, and 16 all relate to an incident allegedly involving Plaintiff Lilly and Defendant Campbell. While Plaintiffs now refer to the incident as a "Gestapo raid," such a description was not used in the First Amended Complaint. Indeed, Plaintiffs take even more egregious liberties in departing from the facts as alleged, such as adding individuals (compare paragraph 13, which mentions a "Gestapo style raid" on Plaintiffs and a Lenny Palumbo, to First Amended Complaint ¶¶ 101, 103 (A-59), which neither use the phrase "Gestapo" nor mention Lenny Palumbo), adding statements (compare paragraph 15 ("On July 16, 2009 during the Gestapo raid, Trooper McLeod told Plaintiff/Appellant Lilly 'We will get a warrant in the morning.' Plaintiff/Appellant, Lilly asked 'A warrant for what?' none of the Police Officer would answer.") with A-60, ¶ 112 ("That the two troopers then escorted Defendant, Campbell, back to the second State trooper vehicle. The driver of that vehicle, Officer McLeod stated: 'We will get a warrant in the morning.'")), reimagining the facts compared to how they were pleaded (compare paragraph 16 ("On July 16, 2009 soon after the Gestapo raid, Defendant/Appellee, Campbell stalked Plaintiff/Appellant, Smith for several hours through the night. Defendant/Appellee, Campbell shone his spot light on

24

Plaintiff/Appellant Smith's house. The last drive-by activity by Defendant/Appellee, Campbell took place at 10:04 (19 hours after the Gestapo raid) at which time, Trooper David Martek ordered the stalking Trooper to leave the area.") with A-59, ¶¶ 101, 106 (indicating that it was **unidentified** officers who shone a spot light at Plaintiff Lilly's home and vehicles) and A-61, A-62, ¶ 127 ("That on July 16, 2009, Plaintiff, Lilly, again called the state police to advise them of the harassment and at 10:04 p.m. and 10:14 p.m. Plaintiff, Lilly, received two (2) phone calls from Trooper David Martek, who told him initially he would investigate the situation and in the second call told him not to worry about incidents, as the Trooper vehicle was removed from the area.")). Not only do these allegations not involve Plaintiff Smith, but the First Amended Complaint makes clear that Plaintiffs cannot even attribute the acts to Defendant Campbell.

Finally, paragraph 20 merely recites when the lawsuit was filed.

As noted, the majority of these alleged facts have nothing to do with Plaintiff Smith and her First Amendment claim. Moreover, as shown above, the subsequent prosecution of the tickets does not, as a matter of law, serve to toll the statute of limitations.

For the foregoing reasons, Plaintiff Smith's First Amendment claim is time-barred as a matter of law and the District Court's Decision and Order dismissing this cause of action should be affirmed.

## II. EVEN IF ANALYZED AS A CLAIM FOR MALICIOUS OR RETALIATORY PROSECUTION, PLAINTIFF SMITH'S FIRST AMENDMENT CLAIM FAILS AS A MATTER OF LAW

Even if, however, Plaintiff Smith's claim is analyzed as one for malicious or retaliatory prosecution, her claim still fails as a matter of law. In order to plead a claim for malicious or retaliatory prosecution, a plaintiff must plead (1) that the defendant initiated a criminal proceeding, (2) that the proceeding terminated in favor of the plaintiff, (3) that there was no probable cause for the criminal charge, and (4) that the defendant acted maliciously. *Savino v. City of New York*, 331 F.3d 63, 72 (2d Cir. 2003). In this case, Plaintiffs have not pled at least the first three elements as a matter of law.

### A. Under New York Law Traffic Violations are Not Crimes

One of the predicate elements in a claim for malicious prosecution is the requirement that the Plaintiff be charged with a crime and thereby subjected to criminal proceedings. Here, however, Plaintiff was issued tickets for traffic violations which, by statute, were not crimes. Pursuant to New York State Vehicle and Traffic Law § 155, "A traffic infraction is not a crime and the punishment imposed therefore shall not be deemed for any purpose a penal or criminal punishment . . ." As a result, the issuance of a mere traffic ticket cannot be the basis of a claim for malicious prosecution.

In their brief, Plaintiffs attempt to claim that traffic violations are crimes because may they implicate elements of criminal procedure, specifically relying on *People v. Byron,* 17 N.Y.2d 64, 268 N.Y.S.2d 24 (1966), *People v. Phinney*, 22 N.Y.2d 288, 292 N.Y.S.2d 632 (1968) and *People v. Abrams*, 119 A.D.2d 682, 501 N.Y.S.2d 110 (2d Dept. 1986). *See* Brief for Plaintiffs-Appellants, p. 9. However, each of those cases are distinguishable and inapplicable to the case at bar. In *People v. Byron,* the issue before the court was whether VTL § 375(31), a noise regulation, was unconstitutionally vague. *Byron*, 17 N.Y.2d at 65, 268 N.Y.S.2d at 25. In addressing the constitutionality of the statute, the court acknowledged that a traffic infraction is "not a crime," but the precepts of criminal law are "generally applicable" such that a statute for a traffic infraction should be analyzed for constitutional muster with the same rigor as a criminal statute, that is, it need be "sufficiently definite, clear and positive to give unequivocal warning to citizens of the rule which is to be obeyed." *Id.* at 66, 268 N.Y.S.2d at 26. Such an adoption by the court in *Byron* neither renders the traffic infractions in this case a crime nor does it place the prosecution of the tickets within the purview of a malicious or retaliatory prosecution claim under § 1983.

In *People v. Phinney,* the issue before the court was whether *Miranda* warnings needed to be issued to the driver of a vehicle who was not in custody at the time he admitted speeding. In *Phinney,* a vehicle registered to the defendant's

27

mother was found wrecked, during a snowstorm, resting against a tree approximately 15 feet off the road. The responding trooper eventually found the defendant, who had been driving the vehicle, being treated for injuries at a local hospital emergency room. The accident scene indicated that the defendant had been speeding at the time of the accident. When questioned by the trooper at the hospital, the defendant – who was not in custody – admitted that he had been driving the vehicle. The trooper issued the defendant a traffic summons (he was never arrested) and the defendant was convicted. On appeal to the County Court, the defendant argued that he should have been given his *Miranda* warnings at the hospital prior to questioning. The County Court agreed and reversed the conviction. On appeal, the New York State Court of Appeals stated that "[b]y statutory definition, a traffic infraction 'is not a crime' (Vehicle and Traffic Law, § 155), and this court has held that not all constitutional protections normally afforded to criminal defendants need be applied to those charged with such a minor offense." *Phinney* at 290, 292 N.Y.S.2d at 634. While the court did recognize that some traffic offenses (including speeding, with which the defendant was charged) can have serious consequences, the court **never** unequivocally proclaimed that all traffic infractions are to be treated as crimes for all purposes; yet, this is exactly what Plaintiffs here posit.

Finally, Plaintiffs cite to *Abrams* for the proposition that in a traffic matter, "the prosecution must prove its case beyond a reasonable doubt." Plaintiffs' Brief, p. 9. However, *Abrams* does not mention that at all. Rather, the issue in *Abrams* was whether the trial court properly denied the defendants' motion to suppress evidence – not whether a traffic infraction is a "crime."

In contrast, analogous to this case is *Burroughs v. Dorn*, 2013 U.S. Dist. LEXIS 102219 (E.D.N.Y. July 22, 2013). There, the plaintiff was pulled over by a police officer and issued a ticket pursuant to VTL § 1225-c for talking on his cell phone while driving. Plaintiff asserted that he was not talking on his phone and that the police officer lacked probable cause to pull him over the in the first instance, thereby violating his Fourth Amendment rights. The plaintiff was found guilty of the charge by a New York State Department of Motor Vehicles Administrative Adjudication Bureau administrative law judge ("ALJ"). Plaintiff then appealed to the New York State Department of Motor Vehicles Appeals Board, which was denied. Subsequent to the denial, Plaintiff commenced a special proceeding in New York State Supreme Court pursuant to Article 78 of the New York Civil Practice Law and Rules, obtaining a judgment which vacated the ALJ's decision, dismissed the traffic summons and awarded monetary relief.

A lawsuit ensued, wherein plaintiff brought, amongst several causes of action, a claim for malicious prosecution under § 1983 based upon the improper

issuance of the ticket. The District Court agreed that there was no probable cause for the ticket and that the proceedings had terminated in plaintiff's favor. Despite meeting these two requirements for a claim of malicious prosecution, however, the Court nevertheless dismissed the claim for malicious prosecution as "Plaintiff has not been the subject of a **criminal** proceeding that terminated in his favor." *Burroughs* at *16 (emphasis added). Indeed, it was the very fact that the traffic infraction was a violation – and nothing more – that precluded, as a matter of law, a claim for malicious prosecution. Such is precisely the case here.

In this case, Plaintiff Smith was issued three tickets for infractions, not crimes. Consequently, as a matter of law, Plaintiff Smith cannot sustain a claim for retaliatory prosecution.

### B.     The Proceedings Did Not Terminate in Plaintiff Smith's Favor

In addition to the proceedings not being criminal in nature, the traffic proceedings did not terminate in Plaintiff Smith's favor. Plaintiff Smith was given three tickets, one for failing to yield the right of way at a stop sign pursuant to VTL § 1142(A), one for failing to obey a red light pursuant to VTL § 1111(d)(1), and one for failure to maintain an unobstructed view pursuant to VTL § 375(30). At the trial court, Plaintiff Smith was found guilty on all three tickets, which were tried at the same time as part of one proceeding. A-72. She then appealed the convictions. On appeal, the convictions for violation of VTL §§ 1111(d)(1) and

30

375(3) were overturned for procedural reasons, but the conviction under VTL

§ 1142(A) was affirmed.  A-75.  Since Plaintiff was found guilty on at least one

ticket, the non-criminal proceedings did not terminate in her favor.

**C.     There Was Probable Cause for the Issuance of the Tickets**

In addition to the traffic tickets not being criminal in nature and the

proceedings for the tickets not terminating in Plaintiff Smith's favor, the First

Amended Complaint also fails to plead sufficient **facts** showing that there was no

probable cause for the issuance of the tickets.

1.     <u>Failure to Yield the Right of Way at a Stop Sign
       Pursuant to VTL § 1142(A).</u>

The first ticket issued to Plaintiff Smith was for failure to yield the right of

way at a stop sign pursuant to VTL § 1142(A).  The ticket was not issued because

Plaintiff Smith failed to stop at the stop sign altogether; rather, the ticket was

issued because Plaintiff Smith did not have the right of way when another vehicle,

namely Defendant Campbell's vehicle, entered the intersection.  SA-39.  In the

First Amended Complaint, which Plaintiff Smith verified, she alleges that she

stopped at the intersection, looked both ways, then proceeded with Defendant

Campbell's truck "200-250 feet away."  A-49, ¶ 14.  However, at trial Plaintiff

Smith could not recall how far away the truck actually was.  SA-52.  At the subject

trial, Defendant Campbell's testimony was not challenged and went otherwise

31

unchallenged.  Where, as here, Plaintiffs' First Amended Complaint, which was verified by Plaintiff Smith, contradicts her prior sworn testimony (excerpts from which she herself attached to her pleading), those allegations should be disregarded.  *Compare Mack v. United States of America*, 814 F.2d 120, 124 (2d Cir. 1987) ("It is well settled in this circuit that a party's affidavit which contradicts his own prior deposition testimony should be disregarded on a motion for summary judgment.").  So should such prior sworn testimony likewise be disregarded in determining the adequacy of one's pleading on a 12(b)(6) motion.

Plaintiffs' First Amended Complaint provides nothing more than conclusory assertions identical to those contained in the original complaint to challenge probable cause for the ticket for failure to yield.  Moreover, Plaintiff Smith was found guilty of the charge, and it was affirmed on appeal.  Such a conviction establishes, as a matter of law, that there was probable cause for the issuance of the ticket.  *See*, *e.g.*, *Heck*, *supra*.  Where, as here, Plaintiff had the opportunity to defend against the charge and challenge it on appeal (including the ability to raise any claim that Defendant Campbell lied during the course of the trial) and the charges were resolved against her by a neutral magistrate, Plaintiff cannot sustain a claim for retaliatory prosecution.

2.  <u>Failing to Obey a Red Light Pursuant to VTL
    § 1111(d)(1)</u>

The second ticket issued to Plaintiff Smith was for failing to obey a red light

pursuant to VTL § 1111(d)(1).  As alleged by Plaintiff Smith, she admitted at the

very least to driving through the subject, albeit yellow, light to get away from

Defendant Campbell's truck.  A-50 to A-51, ¶¶ 19, 32.  At all times, Defendant

Campbell has maintained that Plaintiff Smith admitted to driving through the light

illegally.  A-53, ¶ 57.  While Plaintiff Smith denies that admission in the First

Amended Complaint, ¶ 66 (A-54), she testified to that very fact at trial under direct

examination by **her own attorney**:

> Q:    What did you do?
>
> A:    When I came to Portage the light was yellow,
>       **going to turn red** and I thought I'm getting away
>       from this person.

SA-54, 55, at 21:21-23; 22:1 (emphasis added)[2].

_____

[2] Since Plaintiffs annexed **select** excerpts of the hearing transcript to their First
Amended Complaint, the entirety thereof is properly considered on a motion to
dismiss.  *See Rothman v. Gregor*, 220 F.3d 81, 88 (2d Cir.  2000) (on a motion to
dismiss the complaint the court may consider "any written instrument attached to it
as an exhibit or any statements or documents incorporated in it by reference.";
*Cortec Industries, Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47-48 (2d Cir. 1991),
*cert. denied*, 503 U.S. 960, 112 S. Ct. 1561 (1992) (on a motion to dismiss a court
may consider material which is known to the non-moving party and integral to the
complaint.)  Additionally, documents incorporated by reference into the First
Amended Complaint may be considered by the Court on a motion to dismiss
without converting the motion to one for summary judgment.  *Nechis v. Oxford
Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005).

Q:     Okay.  And when you went through that intersection, was there any traffic control device there?

A.     Yes, there was.

Q:     Okay.  What color was the light when you went through it?

A:     It was yellow **when I started**.

Q:     Okay.

A:     **And I knew it was going to turn red, but I just couldn't stay where I was**.

SA-55, at 22:9-17 (emphasis added).

Q:     Now the officer also claims in his so-called 7-1030[sic] notice that you stated, I know, I was intimidated by the big truck.  Did you say words to that effect?

A:     He said that I went through the light and I said **yes, I did go through the light to get away from you**.

SA-58, at 25:14-18 (emphasis added).

Plaintiff Smith having thus admitted that she went through a red light, Defendant Campbell had probable cause to issue the ticket for failing to obey a red light.  While this ticket was ultimately dismissed on appeal, it was not dismissed on substantive grounds; rather, it was dismissed based upon a procedural irregularity, to wit, the trial court's finding that Plaintiff Smith's demand for a

34

supporting deposition was untimely when it was not.  A-73, A-74.[3]  Additionally,

just as with the ticket for failing to yield, Plaintiff Smith's testimony at trial

contradicts the allegations of her First Amended Complaint, thereby requiring their

disregard.

3.  Failure to Maintain Unobstructed View Pursuant
    to VTL § 375(30)

The third and final ticket issued to Plaintiff Smith was for failure to maintain

an unobstructed view (*i.e.*, ice on the windows) pursuant to VTL § 375(30).  While

Plaintiff Smith alleges that there was no probable cause to issue a ticket for this

infraction, she offers nothing more than her own conclusory allegation that it "was

not cold enough for ice to form" on her windshield.  A-52, ¶ 48.  Moreover, as with

the red light charge, that conviction was reversed on procedural grounds, not on the

facts.  A-73, A-74.  Plaintiff Smith thus offers nothing other than her conclusory

statement that "it was not cold enough" for ice to form, which is insufficient to

sustain her claim.

_____

[3] Of course, while a sustained conviction establishes probable cause as a matter of
law, the converse is not true.  That is, there may be probable cause for the issuance
of the tickets notwithstanding that Plaintiff Smith's conviction of the charges was
overturned.  Here, two of the tickets were overturned, not because the trial court
erred on the facts; rather, the tickets were overturned on a procedural basis **only**
(*i.e.*, that Plaintiff was not provided with a supporting deposition in a timely
manner based upon her timely request).  This does not address the substantive
merits of the tickets or any lack of probable cause for their issuance.  If anything,
the factual findings which underlie the convictions – as undisturbed on appeal –
 remain indicative of probable cause.

Where, as here, Plaintiff Smith has not pleaded facts (just conclusions and speculation) sufficient to establish that Defendant Campbell had no probable cause to issue the traffic tickets in question, Plaintiff Smith  failed to allege sufficient facts to sustain her retaliatory prosecution claim as a matter of law.

For the foregoing reasons, even if this Court construes Plaintiff Smith's claim as one for retaliatory prosecution, the claim still fails as a matter of law because the traffic tickets were not criminal in nature, the proceedings did not terminate in Plaintiff's favor, and there was probable cause for the issuance of the tickets.  Consequently, the dismissal of Plaintiff Smith's cause of action should be affirmed on appeal.

**III.    HAVING FAILED TO OBJECT TO THE RECOMMENDED DISMISSAL OF HIS FIRST AMENDMENT CLAIM FOR PEACEABLE ASSEMBLY, PLAINTIFF LILLY HAS WAIVED THAT CLAIM AS A MATTER OF LAW**

On appeal, Plaintiffs also argue that the District Court improperly adopted the Magistrate's recommended dismissal of Plaintiff Lilly's § 1983 claim for violation of his First Amendment right to peaceable assembly.  Plaintiffs' Brief, p. 15.  In the original complaint, Plaintiffs asserted a variety of amorphous claims that seemed to fall under the First Amendment.  A-15, 16, 23.  Notably, Plaintiffs pleaded only bare First Amendment claims without the necessary statutory vehicle as is required in a non-*Bivens* action.  Defendant Campbell moved to dismiss on

36

this basis and the District Court granted his motion in part, but gave Plaintiff Lilly leave to replead his First Amendment claim. A-41, 42. In so doing, the Court recognized that Plaintiff Lilly, in opposing the motion to dismiss, failed to provide any legal authority that "the right to peaceable assembly extends to an individual's freedom to be present on another's private property, in the absence of any assembly or protest, while a police officer questions the owners of that property." A-42.

Plaintiffs thereafter amended their complaint and Defendant Campbell again moved to dismiss, including Plaintiff Lilly's claim for alleged violation of his First Amendment right to peaceable assembly. The Magistrate found on that issue that "Plaintiffs' Response is completely devoid of any law supporting construing the Amended Complaint as alleging such violation." A-149. As a result, the Magistrate held "Plaintiffs' failure to argue in opposition to Defendant's motion on this claim establishes that the claim has been abandoned." A-149 (citing *Lipton v. County of Orange*, 315 F. Supp. 2d 434, 446 (S.D.N.Y. 2004) and *Frink America, Inc. v. Champion Road Machinery Ltd.*, 48 F. Supp. 2d 198, 209 (N.D.N.Y. 1999)). The Magistrate's Report and Recommendation thus recommended dismissing Plaintiff Lilly's First Amendment claim related to his alleged right to peaceable assembly. A-159.

After the Magistrate issued his Report and Recommendation, which contained the requisite notice regarding when to file objections and the

37

consequences for failing to do so (A-160), Defendant Campbell timely filed objections to those parts with which he disagreed. For their part, however, Plaintiffs **never** filed **any** objections.

Now, Plaintiffs ask this Court to review the dismissal of Plaintiff Lilly's First Amendment claim *de novo* and thereupon revive it even though he has waived it as a matter of law. As stated by this Court, "[w]here parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." *Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002); *see also, Wesolek v. Canadair, Ltd.,* 838 F.2d 55, 58 (2d Cir. 1988) (stating that where a party failed "to file objections in the district court, she has no right to seek review of the merits of that court's adoption of the magistrate's recommendations, for we have adopted the rule that when a party fails to object timely to a magistrate's recommended decision, it waives any right to further judicial review of that decision.") (internal quotations and citation omitted).

Here, there is no dispute that Plaintiffs received notice of their inability to seek further review if they did not file objections to the Report and Recommendation. There is also no dispute that Plaintiffs did not file any such objections. Finally, there is no dispute that the District Court itself did not perform a *de novo* review of the recommended disposition of this claim. As such, Plaintiff

Lilly has waived the right to appeal the dismissal of his § 1983 claim for alleged violation of his First Amendment right to peaceable assembly.

## IV.   PLAINTIFF LILLY VOLUNTARILY WAIVED HIS CLAIM FOR ALLEGED CONSTRUCTIVE SEIZURE IN VIOLATION OF THE FOURTH AMENDMENT

In reading Plaintiffs' Brief, it is difficult to ascertain exactly what relief they are seeking or what exactly they want reviewed.[4]  In their sole question presented, it appears that they only ask this Court to determine when Plaintiff Smith's § 1983 claim for First Amendment retaliation accrued.  *See* Plaintiffs' Brief, p. 2.  In the body of their Brief, Plaintiffs have two argument headings, one related to Plaintiff Smith's First Amendment claim ("Point #1 – The First Amendment Claims of Plaintiff/Appellant Smith are Timely") and the other related to Plaintiff Lilly's alleged claim for violation of his First Amendment right to peaceable assembly ("Point #2 – Plaintiff/Appellant Lilly Has Established a Prima Facie Case of Violation of His First Amendment Right to Peaceable Assembly").  *Id.* at pp. 7, 15. Under this latter heading, Plaintiffs compile a hodge-podge of statements seemingly intended to illustrate that the First Amended Complaint contained sufficient allegations to sustain Plaintiff Lilly's First Amendment claim intertwined

---

[4] Rule 28(a)(8)(A) of the Federal Rules of Appellate Procedure states that the argument section of an appellant's brief  "must contain appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies."

with allegations associated with Plaintiff Lilly's Fourth Amendment claim. There is nothing in Plaintiffs' Brief which asks this Court to review any aspect of Plaintiff Lilly's Fourth Amendment claim nor is there in any argument as to how the District Court erred with respect to the Fourth Amendment claim. As a result, to the extent even preserved below, it should be deemed abandoned on appeal *LoSacco v. City of Middletown,* 71 F.3d 88, 92-93 (2d Cir. 1995).

However, in voluntarily electing not to replead below, Plaintiff Lilly already abandoned any Fourth Amendment claim. In its Decision and Order, the District Court dismissed Plaintiff Lilly's bare Fourth Amendment cause of action without prejudice with leave to replead. A-170. This was based upon the fact that Plaintiffs pleaded this cause of action as a bare constitutional claim in a non-*Bivens* action. *Id.* While Plaintiffs thus should have pled this claim under § 1983, they failed to do so; they were, however, given the opportunity to try yet again. Plaintiff Lilly nevertheless elected not to do so. SA-89. As a result, Plaintiff Lilly voluntarily withdrew this cause of action and it is not before this Court for review even if it had been properly presented in Plaintiffs' Brief. *See* Moore's Federal Practice, Civil § 15.17[4] ("By contrast, if the court dismisses a claim but allows leave to amend, and the plaintiff then voluntarily omits the claim from the amended complaint, the claim is abandoned and the plaintiff waives the right to appeal the dismissal."). Where, as here, Plaintiff Lilly voluntarily elected to not

40

replead his Fourth Amendment claim, even though the District Court specifically

delineated the deficiency and gave him an opportunity to attempt to replead, this

cause of action is deemed abandoned as a matter of law.

## <u>CONCLUSION</u>

For the foregoing reasons, the Decision and Order should be affirmed in its

entirety and Plaintiffs' First Amended Complaint dismissed.

DATED:   Buffalo, New York
           November 6, 2014

                  Respectfully submitted,

                  **JAECKLE FLEISCHMANN & MUGEL, LLP**


                  By:   __/s/ Mitchell J. Banas, Jr._____
                           Mitchell J. Banas, Jr., Esq.
                           Beverley S. Braun, Esq.
                  *Attorneys for Defendant-Appellee*
                  Avant Building, Suite 900
                  200 Delaware Avenue
                  Buffalo, New York  14202-2170
                  Telephone No.:  (716) 856-0600
                  Email:  mbanas@jaeckle.com
                           bbraun@jaeckle.com

1104924v7

## CERTIFICATE OF COMPLIANCE WITH RULE 32(a)

I hereby certify that this brief contains 9,585 words, in compliance with the type-volume limitations of Rule 32(a)(7)(B).  This brief uses a proportionally spaced typeface, Times New Roman, and the size of the typeface is 14 points, in compliance with Rules 32(a)(5)(A) and (a)(6).

Dated:      Buffalo, New York
            November 6, 2014

                                        /s/ Mitchell J. Banas, Jr.
                                       Mitchell J. Banas, Jr., Esq.